# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RYISHIE ROBINSON, PAUL WASHINGTON, JOHNNY SMITH, and BRUCE SMITH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 13 C 1502 |
| | ) | Judge Joan H. Lefkow |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiffs Ryishie Robinson, Paul Washington, Johnny Smith, and Bruce Smith (together, "plaintiffs") have filed an amended complaint pursuant to 42 U.S.C §§ 1983 and 1988 against defendants Thomas Dart and Cook County (together, "defendants") for failure to provide adequate conditions of confinement at the Cook County Jail ("the Jail"). Plaintiffs argue that Jail conditions led them to contract various diseases, violating their rights under the Fourteenth Amendment to the United States Constitution. (*See* Dkt. #9.) Defendants now move to dismiss or sever certain plaintiffs pursuant to Federal Rule of Civil Procedure 21, alleging that Washington, Johnny Smith, and Bruce Smith are improperly joined in this action. (Dkt. #22 ¶ 1.) For the reasons set forth herein, the motion is denied with regard to Washington and Johnny Smith but granted with regard to Bruce Smith.**[1]**

---

[1] The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because at least one defendant resides in this district and all of the events giving rise to plaintiffs' claims occurred in this district.

## BACKGROUND

On February 26, 2013, Robinson filed a *pro se* complaint in this court alleging that Thomas Dart, Sheriff of Cook County, was deliberately indifferent to his health by failing to provide adequate conditions of confinement at the Jail, leading Robinson to contract tuberculosis while incarcerated. (Dkt. #1 ¶ 10.) After the court allowed him to proceed *pro se* and *in forma pauperis* (dkt. #6), Robinson retained counsel. His counsel filed an amended complaint on his behalf on May 2, 2013. (Dkt. #9.) Like the original complaint, the one-count amended complaint alleges defendants' deliberate indifference to medical needs at the Jail but adds three additional plaintiffs, despite the fact that Robinson never moved to join additional parties. According to the amended complaint, Robinson, Paul Washington, Johnny Smith, and Bruce Smith were all assigned to the same tier of Division 10 of the Jail during "all times relevant to" the complaint.[2] (*Id.* ¶ 8; Dkt. #25 at 2.) Robinson, Washington, and Johnny Smith all contracted tuberculosis during their time in Division 10, and Bruce Smith contracted a foot fungal infection. (Dkt. #9 ¶¶ 5-7.)

The amended complaint alleges that defendants failed to provide them with habitable living conditions. (*Id.* ¶ 10.) Mold, dirt, and trash accumulated in the Jail. These conditions were compounded by poor ventilation. (*Id.* ¶¶ 14, 15.) Plaintiffs also were not provided with

---

[2] The amended complaint details that Robinson was detained at the Cook County Jail from October 6, 2010 until early 2013, when he was transferred to the Illinois Department of Corrections. (*Id.* ¶ 4.) Washington was detained at Cook County Jail in 2012 and is not currently confined to any jail or correctional facility. (*Id.* ¶ 5.) Plaintiffs Johnny Smith and Bruce Smith have been detained at the Cook County Jail since September 1, 2011. (*Id.* ¶¶ 6, 7.) Plaintiffs add the allegation in their opposition brief that they were assigned to the same tier of Division 10. In opposing a motion to dismiss, a plaintiff may assert new facts to support allegations in the complaint. *See Geinosky* v. *City of Chicago*, 675 F.3d 743, 746 n.1 (7th Cir. 2012) (internal quotations and citations omitted); *see also Sorrentino* v. *Godinez*, No. 12 C 6757, 2013 WL 5497244, at *1 (N.D. Ill. Oct. 3, 2013) ("The Court may also consider elaborations made by plaintiffs in opposing the motion to dismiss, so long as those elaborations are consistent with the facts alleged in the complaint.").

adequate cleaning supplies to rectify the problems. (*Id.*) The amended complaint cites a strongly-worded letter from the United States Department of Justice to former Cook County Board President Todd H. Stroger and Dart regarding unsanitary conditions at the Jail and the health problems to which they lead. (*Id.* ¶¶ 12, 13.) Plaintiffs argue that the inadequate confinement conditions exposed them to an unreasonable risk of harm including infectious disease, which defendants failed to treat and contain on a systematic basis. (*Id.* ¶¶ 13, 16, 17.) As a result, Robinson, Washington, and Johnny Smith contracted tuberculosis and Bruce Smith contracted a fungal infection on his feet. (*Id*. ¶ 17.) Plaintiffs also argue that defendants systematically and deliberately ignored or failed to take reasonable measures to address complaints submitted by detainees describing the uninhabitable conditions and seeking medical treatments arising there from. (*Id*. ¶ 11.)

Washington, Johnny Smith, and Bruce Smith currently have a different lawsuit pending in this district before Judge John Tharp against Cook County, Dart, and Aramark Correctional Services, for deplorable food conditions at Cook County Jail. *See Smith* v. *Cook County et al.*, No. 12 C 05036 (N.D. Ill. Apr. 9, 2013), Amended Complaint, Dkt. No. 43.[3]

Defendants now move pursuant to Federal Rule of Civil Procedure 21 to dismiss or sever Washington, Johnny Smith, and Bruce Smith from Robinson's suit on the basis that they are improperly joined under Rule 20(a). (Dkt. #22 ¶ 1.)

**LEGAL STANDARD**

---

[3] Aramark has a pending motion to dismiss that suit. *See* Case No. 12 C 05036, Dkt. No. 55.

Under Federal Rule of Civil Procedure 20(a), multiple plaintiffs may be joined in one action if (a) the plaintiffs assert "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (b) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). In considering this two-part test, courts generally employ a case-by-case approach to decide if claims should be joined under Rule 20, keeping in mind the Rule's purpose "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Bailey* v. *N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) (citation omitted). "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am.* v. *Gibbs,* 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966); *see also Mayer Paving & Asphalt Co.* v. *Gen. Dynamics Corp.*, 486 F.2d 763, 771 (7th Cir. 1973) (citation omitted).

"Transaction" and "occurrence" are interpreted broadly and "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosely* v. *Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Courts determine the logical relatedness of separate occurrences by considering a variety of factors, including "whether the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a system of decision-making or widely-held policy[.]" *Lozada* v. *City of Chicago*, No. 10 C 1019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010) (internal quotation marks and citation omitted). When the plaintiffs' claims require "individual fact finding and discovery," "different witnesses and

4

testimony," and "separate questions . . . to answer," they generally do not constitute same transaction or occurrence and cannot be joined. *See Martinez* v. *Haleas*, No. 07 C 6112, 2010 WL 1337555, at *4 (N.D. Ill. Mar. 30, 2010). Rule 20's mandate applies to prisoner cases. *See George* v. *Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Boriboune* v. *Berge*, 391 F.3d 852, 855 (7th Cir. 2004) ("[D]istrict courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied.").

Under Federal Rule of Civil Procedure 21, a court may not dismiss an action for misjoinder but may sever a misjoined claim or a party at any time during a lawsuit. *See* Fed. R. Civ. P. 21; *Lozada,* 2010 WL 3487952, at *2. Although Rule 21 does not set forth a standard for proper joinder, courts have applied Rule 20(a)'s permissive joinder requirements. *Lozada*, 2010 WL 3487952, at *2. Even if plaintiffs satisfy the requirements for permissive joinder under Rule 20(a), the court has discretion to sever a party at any time "separately if doing so will increase judicial economy and avoid prejudice to the litigants." *Pruzel Video GmbH* v. *Does* 1-84, No. 13 C 2501, 2013 WL 4478903, at *5 (N.D. Ill. Aug. 16, 2013); *see* also Fed. R. Civ. P. 21.

## ANALYSIS

### I. Joinder Under Rule 20(a)

Defendants argue that the amended complaint fails to meet Rule 20(a) requirements because plaintiffs insufficiently allege that the conditions that caused their maladies occurred at the same place and at the same time. (Dkt. #22 ¶¶ 4, 10.) Furthermore, defendants argue that plaintiff Bruce Smith, who allegedly suffers from a foot fungal infection, has a different factual basis for his claim. (*Id*. ¶ 9.)

At the outset the court notes that the proper procedural step for Robinson to have taken would have been to move to add additional plaintiffs through the amended complaint instead of simply filing the amended complaint including Washington, Johnny Smith, and Bruce Smith as plaintiffs. *See* Fed. R. Civ. P. 21 (court may join parties "*on a motion* or on its own") (emphasis added); *see also Byers* v. *Ill. State Police*, No. 99 C 8105, 2000 WL 1808558, at *1 (N.D. Ill. Dec. 6, 2000) (noting that matter was before the court on plaintiffs' motion seeking leave to file amended complaint to join additional plaintiff to the action); *Wiskur* v. *Short Term Loans, LLC*, 94 F. Supp. 2d 937, 939 (N.D. Ill. 2000) (explaining that plaintiff "improperly added" additional plaintiff where she filed second amended complaint attempting to join additional plaintiff without seeking leave to join under either Rule 19 or 20, and the additional plaintiff did not seek leave to intervene under Rule 24). If Robinson had so moved, however, the court would engage in the same analysis in which it engages below, so the court will examine the merits of this issue.

### A. Same transaction or occurrence

The first consideration is whether plaintiffs' claims arise out of the same "transaction or occurrence." Courts have allowed inmates to proceed jointly where they all alleged to have suffered from the same health condition that they either contracted at a prison or that the prison failed to properly treat. For example, the Eastern District of California found joinder of prisoner claims appropriate where the prisoners all brought suit under 42 U.S.C. § 1983 alleging Eighth and Fourteenth Amendment violations arising out of inadequate treatment of the same medical conditions. *See Allen* v. *Woodford*, Nos. 1:05-CV-01104, 1:05-CV-01282, 2006 WL 3825008, at *16 (E.D. Cal. Dec. 26, 2006). In *Allen*, multiple female prisoners alleged that they suffered from infected ingrown hairs or boils in their armpits while incarcerated at a California prison and

6

that they all received the same inadequate treatment from a medical group with which the prison contracted. *Id.* at *2. The prisoners asserted that the medical group performed unnecessary surgical procedures to "collect exorbitant fees from the State" and that the prison officials knew of the misconduct and "substantial risk of harm" associated with this treatment of the prisoners. *Id.* The court found that the claims arose out of the same series of occurrences because they were all premised on the same failure to provide plaintiffs with adequate medical treatment for the same or similar conditions during the same period. *Id.* at **15-16. Similarly, in *Laureano* v. *Goord*, No. 06 CIV. 7845, 2007 WL 2826649, at **8-9 (S.D.N.Y. Aug. 31, 2007), *report and recommendation adopted*, No. 06 CIV. 7845, 2007 WL 2852770 (S.D.N.Y. Sept. 28, 2007), the court held that claims arising out of the suicides of two inmates were properly joined under Rule 20(a) despite the defendants' insistence that the suicides took place at distinct times and locations and that there were differences in treatment, diagnoses, prior history, and amenability to treatment of each plaintiff. Even considering these differences, the court held that the similarities between the claims warranted joinder because they arose out of the same transaction or occurrence. Both claims were brought on behalf of a mentally ill prisoner incarcerated in the New York State prison system who had been diagnosed as "level one priority" regarding his need for psychiatric care. *Id.* at *8. In neither case did the prisoner receive any such care. In both cases, the plaintiffs claimed that prison staff failed to follow proper policy in transferring the prisoner to different facilities and the prisoners committed suicide within days of being transferred.

Like the inmates in *Laureano* and *Allen*, Robinson, Washington, and Johnny Smith claim to have contracted the same disease (tuberculosis) while assigned to the same tier of Division 10

7

of the Jail during the same general time period (2012).  (Dkt. #25 at 2; Dkt. #9 ¶ 8).  They were all subject to filthy conditions, including mold in bathroom facilities, poor ventilation, dirt in the cells, and toilets with "permanent remnants of human waste inside the bowls."  (Dkt. #9 ¶ 14.)  The conditions were compounded by the fact that defendants failed to provide plaintiffs with adequate cleaning supplies to make their units sanitary.  These commonalities outweigh defendants' argument that plaintiffs do not identify how long each plaintiff was a detainee at Cook County Jail or when each contracted tuberculosis.  (*See* Dkt. #26 at 2.)  The court is also unpersuaded by defendants' argument that the 2012 time frame is not narrow enough.  This court has found that closely-cabined time frames meet the "same transaction or occurrence" test when "viewed from the same perspective of continuity."  *Best* v. *Orner & Wasserman*, No. 92 C 6477, 1993 WL 284145, at *1 (N.D. Ill. July 27, 1993) (joinder of employment discrimination claims that "carried on over an essentially continuous period" was warranted despite plaintiffs' employment not overlapping in time).  It is sufficient for the purposes of Rule 20(a) joinder that three of the four plaintiffs sufficiently alleged that they all contracted tuberculosis while living on the same tier of Division 10 of Cook County Jail in 2012.

Plaintiffs also allege the existence of a widespread policy or practice of failing to adequately treat detainees with infectious disease, thereby exposing them to an increased risk of serious harm.  Similarly to *Laureano*, 2007 WL 2826649, at *8, plaintiffs' claims are logically related in that they are challenges to the Jail's health and sanitation policies to which Robinson, Washington, and Johnny Smith were subjected to by virtue of their being in custody.  "Therefore, they arise out of the same transaction or occurrence such that joinder is appropriate."  *Id.*

8

The same cannot be said for Bruce Smith's claims, however. While tuberculosis is primarily an airborne disease,[4] a fungal infection such as Bruce Smith's has multiple causes such as exposure to warm, moist environments like communal showers.[5] Although the general level of sanitation in Division 10 could have played a role in both the tuberculosis and foot fungal infections, fungal infections "do not involve the same medical issues and would require different medical evidence and different witnesses." *Odom* v. *Hiland*, No. 5:12-CV-P124-R, 2012 WL 6203966, at *2 (W.D. Ky. Dec. 12, 2012); *see also Crawford* v. *Prison Health Servs.*, No. 1:12-CV-409, 2012 WL 4740219, at *2 (W.D. Mich. Oct. 3, 2012) (holding Rule 20(a)(1) joinder of inmate plaintiffs was improper where all plaintiffs raised medical claims but claims had "different set[s] of facts or circumstances surrounding [them]"); *Morgan* v. *Cohen*, No. 2:11-CV-11780, 2011 WL 2461470, at *3 (E.D. Mich. June 16, 2011) (joinder inappropriate where medical claims "involve distinct factual scenarios even though the applicable legal standards may be the same" because "consideration of plaintiffs' individual medical care claims will entail review of their private medical records, as well as their own prison documentation such as grievances"). As a result, Bruce Smith's claim should be severed from the claims of Washington and Johnny Smith.

---

[4] *See* "Basic TB Facts," Centers for Disease Control and Prevention, http://www.cdc.gov/tb/topic/basics/default.htm (visited Dec. 16, 2013). The court may take judicial notice of this well-known fact. *See, e.g., Fields* v. *Jay Henges Enter., Inc.*, No. 06-323-GPM, 2006 WL 1875457, at *5 (S.D. Ill. June 30, 2006) (taking judicial notice of details of a disease and collecting cases in which courts took judicial notice of facts related to other illnesses).

[5] *See* "Athlete's Foot Directory," WebMD, http://www.webmd.com/skin-problems-and-treatments/athletes-foot-directory (visited Dec. 16, 2013). It is also appropriate for the court to take judicial notice of this fact. *See* note 4, *supra*.

B.     **Common questions of law or fact**

The second factor in the joinder analysis is whether plaintiffs allege common questions of law or fact. Where plaintiffs bring the same types of claims against the same defendants alleging the same constitutional violations, joinder is appropriate. For example, in *Allen*, the court determined that common questions of law and fact existed among all plaintiffs because they alleged identical claims and raised the "same core issues of whether Defendants can be held accountable for the alleged civil rights and state law deprivations claimed by the Plaintiffs. All cases were assigned to the same district judge. In both actions the Plaintiffs must prove the same custom, practice, or policy of deliberate indifference in providing medical health treatment. This necessarily mandates proof that the alleged violations were not isolated instances." *Allen*, 2006 WL 3825008, at *16.[6] Likewise, in *Laureano*, the court found there were common questions of law and fact in the two cases because both suits would require the court to consider whether defendants were responsible for mental health care provided (or not) to both prisoners, and whether the defendants were responsible for failure to train and discipline employees working with mentally ill prisoners. Considering this along with the fact that representatives of both prisoners asserted the same constitutional violations, the court held that there were common questions of law or fact.

There are common questions of law or fact to support joinder of Robinson, Washington, and Johnny Smith at this stage of the case. All three bring suit against the same defendants, the County and the sheriff who is responsible for the Jail. Robinson, Washington, and Johnny Smith

---

[6] Using a similar analysis, this court has certified a class in *Smentek* v. *Sheriff of Cook County*, No. 09 C 529, based in part on a finding that jail inmates who alleged unnecessary and prolonged pain due to the sheriff's decision to reduce dental services at the jail presented common questions of law and fact. *See* 2010 WL 4791509.

all allege that defendants not only failed to provide them with habitable conditions but that defendants have a widespread policy or practice of failing to treat detainees with infectious diseases, which caused plaintiffs to contract tuberculosis. That these allegations, which underlie identical constitutional violations, are based on "the same core issues" strongly favors joinder. *See Allen*, 2006 WL 3825008, at *16. The court thus finds that it is proper to join the claims of Robinson, Washington, and Johnny Smith pursuant to Rule 20(a).

## II. Severance under Rule 21

Despite having found that plaintiffs are properly joined under Rule 20(a), the court may still sever a party pursuant to Rule 21 to increase judicial economy. *Pruzel*, 2013 WL 4478903, at *5. Defendants argue severance is appropriate for multiple reasons. First, they argue their defenses against each plaintiff might differ because the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requirements would apply to Johnny Smith, Bruce Smith, and Robinson, who are currently detainees, but not to Washington, who is no longer confined to a correctional facility. (Dkt. #22 ¶ 11.) Second, they argue Local Rule 40.3 complicates matters, as it requires that cases filed by persons in custody be assigned to the judge to whom the most recently filed complaint was assigned. *See* N.D. Ill. L.R. 40.3. Given that Washington, Bruce Smith, and Johnny Smith have an action pending before Judge Tharp, defendants argue that Local Rule 40.3 is yet another stumbling block in the joint presentment of this case. (Dkt. #22 ¶ 11.) Third, defendants argue that the PLRA requires each prisoner to pay a filing fee even where the prisoners bring suit jointly. *See* 28 U.S.C. § 1915(b)(1). Though the court determined that Robinson could proceed *in forma pauperis* (*see* dkt. #6), it has made no such determination regarding Bruce Smith and Johnny Smith, nor has either paid the filing fee. (Dkt. #22 ¶ 12.) As

discussed below, however, none of these factors outweighs the judicial efficiency to be gained by trying the tuberculosis claims together in one suit.

### i) PLRA exhaustion requirements

Defendants state that "defenses as to each of the plaintiffs may differ. For instance, the requirements of the PLRA would apply to the claims of Johnny Smith and Bruce Smith, who are currently detainees." (Dkt. #22 at 4.) Although defendants do not elaborate on this point, the court assumes that defendants are arguing that it is possible that some plaintiffs have not fulfilled the exhaustion requirement of the PLRA and that defendants may invoke the PLRA's requirements as to some plaintiffs but not others. *See* 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to suit and failure to comply with the PLRA's requirements is an affirmative defense. *See Jones* v. *Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Defendants are in a position to know whether any plaintiff has not exhausted his administrative remedies but does not identify any who has not. Thus, even if this were or might be a serious impediment, in this instance it appears to be merely hypothetical. On the whole, the convenience to plaintiffs, who are being assisted by volunteer counsel, of litigating plaintiffs' claims jointly outweighs the inconvenience to the defendants of litigating the claims in separate actions. "Central to this [c]ourt's determination to deny [defendants'] motion to sever at this time is the [c]ourt's observation that the interests of economy and convenience that would result from consolidated discovery and motion practice appear to outweigh the" defendants' concerns of trying these claims jointly. *Jones* v. *Culver Franchising Sys., Inc.*, No. 13 C 3269, 2013 WL 6730763, at *9 (N.D. Ill. Dec. 20, 2013); *but see Pope* v. *Miller*, No. CIV-07-0284-F, 2007 WL

12

2427978, at *4 (W.D. Okla. Aug. 21, 2007) (exhaustion involves distinct issues of fact as to each plaintiff).

### ii) Local Rule 40.3(b)(1)(B)

Local Rule 40.3(b)(1)(B) provides that "[a]ny . . . [subsequent] complaint brought under the Civil Rights Act or 28 U.S.C. § 1331 challenging the terms of conditions of confinement . . . filed by or on behalf of a person in custody . . . shall be assigned to the judge to whom the most recently filed complaint was assigned[.]" N.D. Ill. L.R. 40.3(b)(1)(B). In other words, if an incarcerated person has a suit pending before one judge in the district, any subsequent suits that individual files should also be assigned to the same judge.[7]

The question is whether Johnny Smith's civil rights suit pending before Judge Tharp prohibits the court from joining his claims with Robinson's civil rights suit. It does not. The local rule is designed principally to assist the court in determining whether an incarcerated plaintiff has presented the same or similar claims in the past. It is a management tool which, unlike the rule governing severance, has no substantive content. Neither does it address how to proceed when there are overlapping plaintiffs such as this. In any event, "[t]o the extent a local rule conflicts with a federal statute . . . the local rule must be held invalid." *Welbrecht* v. *S. Ill.*

---

[7] This is a non-issue as to Bruce Smith and Washington, who are both named plaintiffs in the suit before Judge Tharp. Regarding Bruce Smith, the court has already determined that it is appropriate to sever his claims and dismiss them without prejudice. If and when he refiles his suit, it will be assigned to Judge Tharp. N.D. Ill. L.R. 40.3(b)(1)(B). Regarding Washington, the amended complaint states that he is currently not confined to any jail or correctional facility. (Dkt. #9 ¶ 5.) He is thus not a "person in custody" and Local Rule 40.3(b)(1)(B) does not apply to him. Although "person in custody" is not defined in the Local Rules, the court takes its guidance from decisions examining the PLRA, which hold that the PLRA's administrative exhaustion requirements do not apply to cases in which plaintiffs file suit *after* their release from jail or prison. *See Wilkins* v. *Cook Cnty. Dep't of Corr.*, No. 12 C 10192, 2013 WL 818981, at *1 (N.D. Ill. Mar. 4, 2013); *see also Witzke* v. *Femal*, 376 F.3d 744, 750 (7th Cir. 2004) (the court must look to the status of the plaintiff at the time he brings his suit).

*Transfer, Inc.*, 241 F.3d 875, 879 (7th Cir. 2001); *see also* Fed. R. Civ. P. 83 ("A local rule must be consistent with . . . federal statutes and rules[.]"); 28 U.S.C. § 2071(a) ("[Local rules] shall be consistent with Acts of Congress and [federal] rules of practice and procedure[.]"); *Groupon Inc.* v. *MobGob LLC*, No. 10 C 7456, 2011 WL 2111986, at *5 (N.D. Ill. May 25, 2011) ("[T]he Court would not interpret the provisions of a local rule to trump the requirements of the Federal Rules of Civil Procedure."). Thus, Local Rule 40.3(b)(1)(B) does not prevent the court from joining Johnny Smith as a party to this suit under Rule 20(a). *See, e.g., Rockett* v. *Marten Transp., Ltd.*, No. 99 C 3957, 2001 WL 1512532, at *1 (N.D. Ill. Nov. 28, 2001) (explaining that the court would not withhold a cost award authorized by Federal Rule of Civil Procedure even if Local Rule 54.1 directed the court do so because "[w]henever a conflict arises between a local court rule and a Federal Rule of Civil Procedure, the latter always prevails").

        **iii)**     **Filing fees**

Finally, regarding the filing fees, instead of adopting a no-joinder rule, the Seventh Circuit allows a case to proceed as long as each of the plaintiffs is assessed one full filing fee under 28 U.S.C. § 1915(b)(1). *See Boriboune*, 391 F.3d at 856; *Pippin* v. *Frank*, No. 04-3344, 2005 WL 272914, at *1 (7th Cir. Jan. 28, 2005); *George*, 507 F.3d at 607. Thus, "district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied." *Boriboune*, 391 F.3d at 855; *see also Turley* v. *Gaetz*, 625 F.3d 1005, 1010 (7th Cir. 2010) ("[T]he PLRA did not supersede Federal Rule of Civil Procedure 20(a)(1), which allows multiple plaintiffs to join claims arising out of the same series of occurrences and sharing a

14

question of law or fact common to all plaintiffs."). Johnny Smith and Washington must together pay the full filing fee.[8]

Despite potential impracticalities of multi-prisoner suits,[9] judicial economy is served by joinder in this instance because any parallel suit that Washington and Johnny Smith would file if the court were to sever them from Robinson's complaint would call for overlapping discovery and duplicative judicial effort. Those suits would be assigned to Judge Tharp, *see* N.D. Ill. L.R. 40.3(b)(1)(B), which would force two judges in this district to preside over two cases presenting nearly identical issues. "Under the reasoning that 'the impulse is toward the broadest possible scope of action consistent with fairness to the parties,' and 'joinder of claims parties and remedies is strongly encouraged,' defendants have failed to allege sufficient grounds to justify severance." *Laureano*, 2007 WL 2826649, at *9 (quoting *United Mine Workers*, 383 U.S. at 724). Should discovery fail to establish, however, that the claims are properly joined, defendants can move for separate trials pursuant to Rule 42(b). *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

**CONCLUSION**

---

[8] Johnny Smith and Washington may still each apply to proceed *in forma pauperis* if necessary. *See* 28 U.S.C. § 1915(a).

[9] Courts have commented on the difficulties of joining multiple prisoners in one suit, such as "the need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Boretsky* v. *Corzine*, No. 08-2265, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008), *aff'd sub nom. Boretsky* v. *Governor of New Jersey*, 433 F. App'x 73 (3d Cir. 2011). In this case, however, the fact that plaintiffs are represented by counsel should ease many of those concerns. *See, e.g.*, Fed. R. Civ. P. 11 (only unrepresented parties need to sign pleadings and other papers personally).

For the foregoing reasons, defendants' motion to dismiss or sever (dkt. #22) is granted in part and denied in part without prejudice. The allegations of Bruce Smith are stricken from the Amended Complaint. Bruce Smith's claim is dismissed without prejudice. He may refile his suit as laid out in the separate Order of this date concerning procedural requirements. Washington and Johnny Smith may remain joined in Robinson's suit and shall be responsible, along with Robinson, for payment of the filing fee. See separate Order. Defendants shall answer the amended complaint by February 14, 2014. The parties shall report for a scheduling conference on February 27, 2014 at 11:00.

Date:   January 21, 2013

_____
U.S. District Judge Joan H. Lefkow